IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| CARLA RAE K.,[1] | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:22-CV-00003-H-BU |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Award of Attorney Fees Under 406(b) of the Social Security Act (SSA). Dkt. No. 23. After reviewing the record and applicable law, the undersigned recommends that the Motion be GRANTED.

## I.  BACKGROUND

On January 23, 2022, Plaintiff filed a Complaint appealing the decision of the Commissioner of Social Security denying her disability insurance benefits under Title II of the SSA. Dkt. No. 1. The Commissioner filed an Answer to the Complaint on June 24, 2022. Dkt. No. 10. After Plaintiff filed her Brief in Support on August 2, 2022, the Commissioner conferred with Plaintiff and filed an Unopposed Motion to Remand the case for reconsideration. Dkt. Nos. 14, 15. The Motion to Remand was granted by the Court. Dkt. Nos. 16–18.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, the plaintiff is only identified by her first name and last initial.

1

Thereafter, Plaintiff filed an Unopposed Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), requesting $6,765.00 in attorney's fees. Dkt. No. 19. The Commissioner filed a response and did not object to the attorney's fees, requesting only that the award be made payable to the Plaintiff and sent to Plaintiff's counsel. Dkt. No. 20. The undersigned determined that the number of hours and hourly rate requested were reasonable, and the Court accepted the undersigned's recommendation that the Motion for fees be granted. Dkt. Nos. 21, 22.

Now before the Court is Plaintiff's Motion for 406(b) Attorney Fees, which District Judge James Wesley Hendrix referred to the undersigned for resolution. Dkt. Nos. 23, 24; Fed. R. Civ. P. 54(d)(2)(D). Following remand, the SSA determined that Plaintiff was entitled to past-due Social Security benefits. Dkt. No. 23 at 1. On October 3, 2025, Plaintiff received a Notice of Award informing her of entitlement to past-due benefits in the amount of $105,110.00, of which 25%—or $26,277.50—was withheld for attorney's fees. Dkt. Nos. 23 at 2, 23–1 at 2.

Plaintiff's attorney requests that he be awarded the $26,277.50 withheld as attorney's fees. 25% of past-due benefits is the statutory maximum an attorney can request under the SSA, as well as the amount the Plaintiff contractually agreed to pay her attorney. Dkt. Nos. 23 at 2, 23–2 at 1. Plaintiff's attorney also requests that, once the requested 406(b) Attorney's Fees are paid in full, that he be required to refund the EAJA fees previously awarded by the Court. Dkt. No. 23 at 2.

Plaintiff's attorney, David F. Chermol, states that he spent 36.1 hours working on Plaintiff's case. Dkt. No. 23–3. When describing his experience, Chermol states that he

2

worked as an attorney for the Social Security Administration for "more than 10 years," and has worked in private practice representing claimants for disability benefits since January 2008. Dkt. No. 23–3. The Commissioner has not filed a response to Plaintiff's Motion.

## II.  DISCUSSION

Section 206(b)(1)(A) of the Social Security Act states that,

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). *See also Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) ("§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). This provision is not meant to displace contingent-fee agreements, but rather provides the "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

Contingent fee contracts that provide for fees more than 25% are considered unreasonable and consequently unenforceable. *Id.* at 807–08. A court may reduce a fee depending on "the character of the representation and the results the representative achieved." *Id.* at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010) (quotation marks and citation omitted).

An attorney seeking to recover a fee has the burden of showing that the fee requested is reasonable. Although courts often use the lodestar method for evaluating the

3

reasonableness of attorney fees, the Supreme Court has held that this method does not apply to an application for attorney fees under § 406(b)(1)(A) because § 406(b) does not allow recovery from the losing party. *Gisbrecht*, 535 U.S. at 801–02. The Fifth Circuit has recognized several factors the Court should consider when evaluating a claim for attorney fees under § 406(b)(1)(A). These include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381–82.

When an attorney has been awarded a fee under both the EAJA and § 406(b), the attorney must refund to the Plaintiff the lesser fee. H.R. Rep. No. 120, 99th Cong. 1st Sess. 19, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 148; *see also Gisbrecht*, 535 U.S. at 796.

Here, application of these factors supports an award of $26,277.50 to Attorney Chermol. As noted in Plaintiff's motion, accepting Plaintiff's case on contingency carried a considerable risk of non-payment. Dkt. No. 23 at 3. There is an inherent risk of loss involved in Social Security appeals that commonly results in a lack of compensation to the attorney. *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases). *See also Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (recognizing that on average 35 percent of persons appealing their Social Security disability cases to federal court recover benefits).

Additionally, Plaintiff's attorneys have detailed their significant experience in the field of Social Security law. *See* Dkt. No. 23-3 at 1–2. Plaintiff agreed that her attorneys

4

would receive 25% of past due benefits if Plaintiff received a favorable outcome. Dkt. No. 23-2. The fee requested represents the accepted 25% of the past-due benefits owed to Plaintiff. Dkt. No. 23-1 at 2. Plaintiff's favorable outcome was undoubtedly valuable to her as it resulted in past due benefits dating back to 2019, and Plaintiff will continue to receive benefits in the future. Dkt. No. 23-1 at 1. Plaintiff's case likely presented some degree of difficulty as it had been unsuccessful throughout the administrative process.[2] Lastly, the undersigned notes that Plaintiff's lawyer seeks to return the lesser EAJA fee if he is awarded fees under § 406(b). Dkt. No. 23 at 2.

For these reasons, the undersigned RECOMMENDS that the Motion, Dkt. No. 23, be GRANTED, and that Plaintiff's attorneys be awarded attorney fees in the amount of $26,277.50 under 42 U.S.C. § 406(b), to be certified and disbursed by the Commissioner. The undersigned further RECOMMENDS that Plaintiff's attorneys be ordered to promptly return to Plaintiff the $6,765.00 attorney fee previously awarded under EAJA.

### III.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[2] *See, e.g.*, *Adrienne W. v. Saul*, No 3:17-cv-1218-N-BT, 2020 WL 2364635 (N.D. Tex. Mar. 24, 2020), *report and rec. adopted*, 2020 WL 2331702 (N.D. Tex. May 8, 2020); *Cullar v. Saul*, No. 7:19-CV-00027-O-BP, 2021 WL 295842 (N.D. Tex. Jan. 8, 2021), *report and rec. adopted*, No. 7:19-CV-00027-O-BP, 2021 WL 289270 (N.D. Tex. Jan. 28, 2021) ("The fact that Plaintiff was not successful at the administrative level is some evidence of the difficulty of the issues . . . [his attorney] confronted in pursuing the case in this Court.").

To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 4th day of November 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE